UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CARL KELLY,<br>　　　　Plaintiff,<br>　　v.<br>P. SULLIVAN, et al.,<br>　　　　Defendants. | Case No. 18-cv-06386-SI<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br>Re: Dkt. No. 1 |

James Carl Kelly, a prisoner currently housed at Salinas Valley State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. In his complaint, he alleges that he was sexually assaulted fifteen years ago and has dealt with various doctors. Docket No. 1 at 3. His complaint is now before the court for review under 28 U.S.C. § 1915A.

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint has no allegations of any wrongdoing by any defendant and fails to state a claim upon which relief may be granted. Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).[1] A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Kelly's complaint does not allege facts sufficient to plausibly show the violation of a right secured by the Constitution or laws of the United States by anyone, let alone any defendant. Leave to amend is granted so that Kelly may file an amended complaint that proffers enough facts to state a claim for relief that is plausible on its face.

For each claim in his amended complaint, Kelly must name as defendants those individuals whose acts or omissions caused the violation of his rights under the Constitution or laws of the United States. He must link each person by alleging what that person did or failed to do that caused a violation of his rights. It is not sufficient to identify them as a group, e.g., the medical staff, and instead must provide the names and acts or omissions of individual persons. It is a plaintiff's responsibility to plead his claim(s); the court will not read through exhibits to the complaint to piece together a claim for a plaintiff.

Due to Kelly's mention of several doctors, the court provides the standard for prisoners to complain about the constitutionality of their medical care. Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's prohibition of cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). To establish an Eighth Amendment claim based on inadequate medical care, a prisoner-plaintiff must show: (1) a serious medical need, and (2) deliberate indifference thereto by

---

[1]This requirement that the pleader allege enough facts to state a claim to relief that is plausible on its face stems from the rule that a complaint must allege "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Federal Rule of Civil Procedure 8(a)(2) "Specific facts are not necessary; the statement need only . . . give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted).

a defendant. Deliberate indifference may be demonstrated when prison officials deny, delay or intentionally interfere with medical treatment, or it may be inferred from the way in which prison officials provide medical care. *See McGuckin v. Smith*, 974 F.2d 1050, 1062 (9th Cir. 1992) (finding that a delay of seven months in providing medical care during which a medical condition was left virtually untreated and plaintiff was forced to endure "unnecessary pain" sufficient to present colorable § 1983 claim), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. *See Toguchi*, 391 F.3d at 1060-61. If Kelly wishes to pursue an Eighth Amendment claim, his amended complaint must allege facts showing both a serious medical need and deliberate indifference thereto by each named defendant.

For the foregoing reasons, the complaint is dismissed for failure to state a claim upon which relief may be granted. Leave to amend is granted so that plaintiff may attempt to allege one or more claims in an amended complaint. The amended complaint must be filed no later than **January 4, 2019**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

**IT IS SO ORDERED**.

Dated: November 29, 2018

_____
SUSAN ILLSTON
United States District Judge